UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| BRANDY CAVE<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RYAN SEYMOUR and WILLIAM LOCKE THOMPSON<br><br>　　　　Defendants. | Case No. 2:21-cv-04241-NKL |

## ORDER

　　Defendant William Locke Thompson moves to dismiss the complaint by plaintiff Brandy Cave. Doc. 5. Ms. Cave has not responded to the motion. For the reasons discussed below, the motion to dismiss by Mr. Thompson is granted.

I. BACKGROUND

　　Ms. Cave alleges that her Fourteenth Amendment right against deprivation of life, liberty, or property without due process of law was violated when she was falsely arrested and imprisoned for eleven months on the basis of defamation and falsified evidence. Ms. Cave alleges that Mr. Thompson lengthened her confinement by prosecuting her on March 10, 2021. Ms. Cave seeks lost income, lost future income, and medical expenses as well as damages for pain and suffering, mental and emotional distress, loss of enjoyment of life, and loss of consortium, totaling $80,000. She also seeks punitive damages in the amount of $20,000.

II. STANDARD

　　The Federal Rules of Civil Procedure require the dismissal of a complaint that fails to "state

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). In determining whether a complaint alleges sufficient facts to state a plausible claim to relief, the Court accepts all factual allegations as true. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).

### III. DISCUSSION

The sole basis for Ms. Cave's claims against Mr. Thompson is his prosecution of her, which she alleges prolonged her confinement. Mr. Thompson argues that absolute immunity bars Ms. Cave's claims against him.

A prosecutor performing duties traditionally within the scope of his role as a government attorney is entitled to immunity for such acts. *See Butz v. Economou*, 438 U.S. 478, 515-16 (1978) (holding that officials performing functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to those acts); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." (quotation marks and citation omitted)). Thus, "a prosecutor is immune for conduct related to initiating a prosecution and presenting the State's case." *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020) (quotation marks and citation omitted). "Because the immunity depends upon the functional nature of the prosecutor's activities, [even] allegations of improper motive in the performance of prosecutorial functions will not defeat its protection." *Sample*, 836 F.3d at 916.

Here, Ms. Cave alleges only that "[t]he prosecution by William Locke Thompson led me to becoming confined longer." Doc. 3. Nothing in the complaint suggests that Mr. Thompson was acting outside of the scope of his prosecutorial role. To the contrary, it is his prosecution alone

that forms the basis of Ms. Cave's claim against him.  As such, Mr. Thompson is entitled to absolute immunity, and the claims against him must be dismissed.  *See Stockley*, 963 F.3d at 817 ("'[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976))).

## IV. CONCLUSION

For the reasons discussed above, Mr. Thompson's motion to dismiss, Doc. 5, is GRANTED.  The claims against him arising from prosecutorial conduct are DISMISSED WITH PREJUDICE.  Mr. Thompson's motion to stay pending resolution of his motion to dismiss, Doc. 7, is DENIED as MOOT.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  February 23, 2022
Jefferson City, Missouri